UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

RCP'S LEAR, LLC, : Civil Action No. 07-1471 (FLW)

        Plaintiff, :

v. : **OPINION**

JET FIRST, INC., :

        Defendant. :
_____

**WOLFSON, District Judge**

    Presently before the Court is a motion by Plaintiff RCP's Lear, LLC ("RCP") for default judgment on its claims against Defendant Jet First Inc. ("Jet First") for failure to appear or otherwise respond to RCP's Complaint of March 29, 2007. For the reasons set forth below, RCP's motion is GRANTED.

**I. Background**

    In March 2005, RCP became the owner of a Lear 55 aircraft ("Aircraft"). On March 1, 2005, RCP entered into an Aviation Services Agreement with Pacific Jet, Inc., a Nevada Corporation. Pursuant to the Agreement, (a) Pacific Jet would have possession of the Aircraft for a ten year period and operate the same for charter flights; (b) Pacific Jet would bear all the expenses of such charter flight operations, including but not limited to inspection costs and maintenance and repair costs for the Aircraft; (c) Pacific Jet would not cause or permit any liens claims or encumbrances to attach to the Aircraft, other than mechanics liens to be discharged in the ordinary course of business; and (d) Pacific Jet would pay to RCP $600.00 for each hour that the Aircraft was flown as a lease rate, and

guaranteed the sum of $32,000.00 per month.

In furtherance of the Agreement, Pacific Jet entered into a Maintenance Service Plan Agreement with Honeywell Interational, Inc. ("Honeywell") for engine maintenance ("MSP"). In order for Honeywell to provide such service, it required the guarantee of the registered owner of the Aircraft. Accordingly, RCP executed such "Addendum to MSP Contract" by which RCP guaranteed the obligations of Pacific Jet to Honeywell for the engine maintenance.

On or about July 1, 2005, Pacific Jet filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Central District of California. In September 2005, Pacific Jet sought the Bankruptcy Court's permission to sell to Jet First substantially all of its assets. On December 7, 2005, the Bankruptcy Court approved of the sale. As a result, from September 2005 until November 28, 2006, Jet First had operational control of the Aircraft. Shortly after Jet First took control of the Aircraft, representative of Jet First approached RCP and offered to operate the Aircraft for charter purposes under the same terms and conditions, including the terms set forth in the MSP, as previously undertaken by Pacific Jet pursuant the Agreement. RCP accepted the offer.

From the time that Jet First took over the operational control over the Aircraft in September 2005 and through January 2006, Jet First performed all of its obligations to RCP under the subsequent Agreement. However, beginning in February 2006, the obligations due Honeywell under the MSP were breached by Jet First, and in April 2006, Jet First ceased paying the monthly lease payments due RCP under the Agreement. Thus, in order to ensure the continued proper servicing of the Aircraft's engine, and in order to avoid Honeywell bringing an action against RCP pursuant to the guaranty, RCP paid Honeywell Jet First's obligations for February, March, September, October and November 2006, in the sum of $152,889.64. On November 28, 2006, RCP recovered

the Aircraft from Jet First. As such, RCP is also owed lease payments, from February 2006 through November 28, 2006, totaling $258,866.66. In addition to the owed lease payments and paying Jet First's obligations under the MSP, RCP, to avoid being in default, also paid $5,330.20 to satisfy a lien on the Aircraft held by a third-party provider of fuel and repairs for the Aircraft. As a result, the total owed by Jet First to RCP is $444,086.50 (i.e., $152, 889.64 (MSP payments), $285,866.66 (defaulted lease payments), and $5,330.20 (lien payoff)).

## II.  Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. Discussion

In the instant matter, since March 2007, Jet First has failed to appear and defend RCP's claims against them. Moreover, on May 16, 2007, pursuant to an application by RCP, an entry of default was made by the Clerk of the Court against Jet First. Subsequently, on July 17, 2006, RCP

3

filed a motion for default judgment. Jet First has failed to oppose this motion. Thus, the Court finds that a grant of default judgment is appropriate. Furthermore, taking RCP's pleadings as true, the Court finds that the claims against Jet First for breaching the Agreement have merit. Accordingly, RCP may recover a sum certain of $444,086.50 from Jet First. This amount includes 1) $152,889.64 MSP payments to Honeywell; 2) $285,866.66 defaulted lease payments from February 26 through November 2006; and 3) $5,330.20 lien payment. Each amount set forth above is supported by the record submitted by RCP. See Affidavit of Robert Medina at ¶ 16, Exhibit A-C.

**IV. Conclusion**

For the foregoing reasons, RCP's motion for default judgment against Jet First is granted and RCP may recover the sum of $444,086.50 from Jet First. An appropriate order will follow.


Dated: September 20, 2007                         /s/ Freda L. Wolfson
                                                  The Honorable Freda L. Wolfson,
                                                  United States District Judge